IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN MEZA,

    Petitioner,

v.                                                                       Civ. No. 24-0650 KG-JHR

STATE OF NEW MEXICO,

    Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Martin Meza's Second Habeas Petition Under 28 U.S.C. § 2254. (Doc. 1) (Second Petition). Also before the Court is his Motion for Authorization to Consider Second/Successive Habeas Claims. (Doc. 2) (Motion). Meza is a state prisoner and is proceeding *pro se*. He again challenges his 2003 state criminal judgment based on, inter alia, double jeopardy principles. Because the Court lacks jurisdiction to consider successive habeas claims, the Court will deny the Motion and dismiss the Second Petition without prejudice.

1. Background[1]

In 2002, a jury convicted Meza of five counts of criminal sexual penetration of a child under 13 and five counts of criminal sexual contact of a child under 13. (Doc. 1) at 2; (Verdicts) in D-1215-CR-2002-225. The state court sentenced him to 90 years in prison. (Doc. 1) at 2. Judgment was entered on September 2, 2003. (Judgment) in D-1215-CR-2002-225. Meza

---

[1] The background facts are taken from the Second Petition and Meza's state criminal dockets, Case Nos. D-1215-CR-2002-225, A-1-CA-24737, and S-1-SC-29104. The state dockets are subject to judicial notice. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

appealed, and the New Mexico Supreme Court affirmed on March 23, 2005. (Order) in S-1-SC-29104.

Meza filed his first Section 2254 petition about 15 years later, on January 2, 2020. (Doc. 1) in 20-cv-0017-JB-GBW (First Petition). The First Petition challenges the same state convictions at issue here, *i.e.,* the convictions in Case No. D-1215-CR-2002-225. *Id.* Meza raised claims based on, inter alia, double jeopardy violations, ineffective assistance by counsel, instructional error, and insufficient evidence. (First Petition) at 16-36. The Court (Hon. James O. Browning) dismissed the First Petition for failure to file within the one-year habeas limitation period. (Doc. 8) in 20-cv-0017-JB-GBW. Judge Browning entered final judgment on the Section 2254 claims on August 31, 2020. (Doc. 9) in 20-cv-0017-JB-GBW.

Meza filed the instant, Second Petition on June 25, 2024. (Doc. 1). He raises Section 2254 claims based on double jeopardy, alleged defects in the indictment, instructional error, insufficient evidence, failure to grant a state sentence reduction, *Brady* violations, and fundamental unfairness at trial. (Doc. 1) at 2-12, 15, 16, 21. Meza also seeks authorization to file a successive Section 2254 action and to proceed *in forma pauperis*. (Docs. 2, 4). The Court will grant the Motion to Proceed *In Forma Pauperis* (Doc. 4), as Meza lacks sufficient funds to pay the habeas filing fee, and consider how to proceed with respect to the successive petition.

2. Discussion

By statute, Federal District Courts have jurisdiction over a state inmate's first 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2244(a); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the petitioner must obtain authorization from the Tenth Circuit before filing a successive Section 2254 claim. *See* 28 U.S.C. § 2244(b)(3) ("Before a … successive [habeas]

application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive … [Section] 2254 claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the petitioner files a successive Section 2254 petition without Tenth Circuit authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interests of justice to do so …, or it may dismiss the [petition] … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating those options include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a successive Section 2254 petition must be based on newly discovered evidence; factual innocence; or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. 2244(b)(2).

Considering the above factors, a transfer is not in the interests of justice. The Second Petition is not based on any new Supreme Court law or newly discovered evidence. There are also no allegations showing Meza is factually innocent of the charged crimes. *See United States v. Maravilla,* 566 Fed. App'x 704, 708 (10th Cir. 2014) (a colorable successive habeas claim must be based on factual innocence, not legal insufficiency). Meza simply re-asserts his claims that the state trial court committed legal error and/or his state counsel provided ineffective assistance. As noted above, Judge Browning has already determined such claims are time-

3

barred under 28 U.S.C. §§ 2244 and 2254.  That ruling qualifies as a decision on the merits for purposes of the restrictions on successive habeas claims.  *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of … [petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is … successive"); *Todd v. Haddon*, 2023 WL 4946318, at *2 (10th Cir. Aug. 3, 2023) ("district court … properly treated [Section 2254 claims] as … successive" and dismissed the proceeding where first petition was time-barred).

For these reasons, the Court declines to transfer the Second Petition to the Tenth Circuit. The Motion for Authorization to Consider Second/Successive Habeas Claims (Doc. 2) will be denied, and the Second Petition will be dismissed for lack of jurisdiction.  The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction over successive claims is not reasonably debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

IT IS ORDERED:

1.      Petitioner Martin Meza's Motion to Proceed *In Forma Pauperis* (Doc. 4) is granted.

2.      Meza's Motion for Authorization to Consider Second/Successive Habeas Claims (Doc. 2) is denied, to the extent he seeks a transfer of such claims to the Tenth Circuit.

3.      Meza's Second Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) is dismissed without prejudice for lack of jurisdiction.

4. A certificate of appealability is denied.

5. The Court will enter a separate judgment closing the civil habeas case.

                                                <u>/s/ Kenneth J. Gonzales</u>
                                                CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.